UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
AROLD ROBERT,
          Plaintiff,

v.

COHEN & SLAMOWITZ, LLP,

          Defendant.
-------------------------------------------------------

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 21 2012 ★
BROOKLYN OFFICE

SPATT, J.

COMPLAINT

BROWN, M.J.

**JURY TRIAL DEMANDED HEREON**

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2. Specifically, this action relates to Defendant's illegal and abusive attempts to collect a debt by using false affidavits to obtain a default judgment against a soldier on active duty in the United States Army.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper because the defendant's place of business is in this district and the events underlying the cause of action herein occurred in this district.

## PARTIES

6. Plaintiff, Arold Robert (hereinafter, "Sgt. Robert") is a natural person who currently resides in University Place, Washington.

7. Sgt. Robert is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant Cohen & Slamowitz, LLP (hereinafter "C&S") is a New York limited liability company engaged in the collection of debts in New York State with a principal place of business at 199 Crossways Park Drive, Woodbury, NY 11797-9004.

9. Defendant C&S has as one of its principal purposes the collection of debts, and it regularly attempts to collect debts alleged to be due another.

10. C&S is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

11. Sgt. Robert was on active duty in the military from December, 2005, through and including December 2010, including a one-year tour of duty in Afghanistan in 2009-2010.

12. In or about November of 2011, Sgt. Robert was exploring obtaining a mortgage, and as a result obtained his credit report

13. Sgt. Robert thereby learned for the first time that there was a judgment against him, obtained by default by Defendant C&S in an action titled <u>Capital One Bank v. Robert</u> (District Court, Suffolk County, Index Number: 13781/06) (hereinafter "the State Court Action")

14. Upon information and belief, Sgt. Robert does not owe the debt underlying the suit upon which judgment against him was entered.

15. The State Court Action was commenced by C&S in January of 2007, by so-called "nail and mail" service, allegedly completed on January 4, 2007.

16. Defendant C&S filed an affidavit of service ( hereinafter, "the Affidavit of Service") with the State Court attesting to its process servers' unsuccessful attempts at personal service on Sgt. Robert at 105 Clay Pitts Road, Greenlawn, NY on December 5, 2006; December 8, 2006; December 11, 2006; and January 4, 2007. That affidavit was sworn to by Sharon Conigliaro.

17. The Affidavit of Service asserts that Mr. Robert was then "not presently in military service of the United States Government." On the contrary, throughout the times referenced in the Affidavit of Service, Mr. Robert was on active duty in the United States Army.

18. Specifically, on all of the dates of purported service and attempted service, Sgt. Roberts was stationed at Fort Lewis, an Army base in the State of Washington, on active military duty.

19. The Affidavit of Service alleges that the affiant Ms. Conigliaro confirmed the address with a neighbor, "Jane Doe," who resided at 103 Clay Pitts Road, presumably next door to the house where the affiant swore she was attempting to serve Sgt. Robert.

20. The affiant Ms. Conigliaro further stated in the Affidavit of Service that "Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of New York and was informed that defendant was not." Upon information and belief, "Jane Doe" and her purported statement regarding service are a fiction.

21. Sgt. Roberts never received the summons and complaint, and, as a result of this non-receipt, did not file an answer to the complaint.

22. C&S thereafter sought and obtained a default judgment against Sgt. Roberts.

23. In or about March of 2007, in seeking this default judgment, C&S submitted a non-military affidavit sworn to on November 6, 2006.

24. In that affidavit, Sara Rubin, who identifies herself as a member of Capital One Bank's Recovery Division, states that "Based upon telephone conversations and business dealings with the defendant(s), the defendant(s) are not in the military service." This statement was false.

25. The non-military affidavit submitted by C&S is improper. The Federal Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix §§ 501-536 requires that the investigation regarding military service be performed after the defendants time to Answer has expired. In violation of this requirement, the Rubin Affidavit submitted by C&S was, on its face, prepared and executed prior to filing of the action.

26. In February of 2012, Sgt. Robert, through counsel, contacted C&S, advising C&S of his active military service before, during and after the attempts to serve him in the State Court Action and the entry of judgment against him in the State Court Action.

27. On or about March 1, 2012, C&S provided Sgt. Roberts with a document captioned "Consent to Vacate Judgment and Discontinue Action."

## CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

28. Plaintiffs' repeat and reallege each and every allegation set forth above as set forth in full herein.

29. By undertaking the above referenced collection activities, Defendant C&S violated 15 U.S.C. § 1692 et seq.

30. Specifically and without limitation, Defendant C&S violated the FDCPA by:

    i) The use of a false representation (i.e., that Sgt. Robert was not in the military) to collect or attempt to collect a debt in violation of §§ 1692e, 1692e(10), 1692f and 1692f(1);

    ii) Taking and/or threatening to take any action that cannot legally be taken to collect or attempt to collect a debt in violation of §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1); (e.g. threatening in its summons that upon Sgt. Robert's failure to answer, judgment would be taken against him, when a default judgment cannot be taken against a soldier on active military duty for his failure to answer; and threatening to obtain and then obtaining a default judgment on the basis of an affidavit of non-military service that was in gross violation of the requirements of the New York and federal civil relief acts)

    iii) The use of unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e and 1692f; and

    iv) Taking legal action against Sgt. Robert without conducting the minimum due diligence required under New York law regarding frivolous pleadings, in violation of §§ 1692e, 1692e(3), 1692e(5), and 1692e(10), and 1692f.

31. On information and belief C&S's actions, as described herein, are not an isolated instance of misconduct.

32. Rather, on information and belief, C&S routinely relies on false affidavits of non-military service sworn out prior to expiration of the consumer's time to answer, secure in the

knowledge that – because of the volume of consumer credit filings in New York's Courts, no judge or clerk is likely to carefully review the submission. In so doing, C&S unlawfully obtains default judgments against consumers such as Sgt. Robert.

33. As a result of these violations of the FDCPA, Sgt. Robert has suffered actual damages, including, without limitation:

   i) The inability to purchase a home with his wife, due to the default judgment staining his credit reports;

   ii) Legal fees and costs associated with the underlying State Court Action;

   iii) Emotional damages including but not limited to stress, anxiety, humiliation, and embarrassment;

   iv) lost income;

34. As a result of these violations, Sgt. Robert is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

   i) Declaratory Judgment that Defendant C&S's conduct violated the FDCPA;

   ii) Actual damages;

   iii) Statutory damages;

   iv) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

   v) Such other and further relief as law or equity may provide.

*[rest of page left intentionally blank]*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: May 16, 2012
Pleasantville, New York

                        Respectfully Submitted,

                        */s/ Elizabeth Shollenberger*
                        Elizabeth A. Shollenberger, Esq.
                        Daniel A. Schlanger, Esq.
                        Schlanger & Schlanger, LLP
                        Attorneys for Plaintiff
                        343 Manville Road
                        Pleasantville, NY 10570
                        Telephone: 914-946-1981, ext. 103
                        Facsimile: 914-946-2930
                        Email: eshollenberger@schlangerlegal.com